### J. A. STAFFORD, ADMINISTRATOR OF GEORGE PROCTOR v. WESLEY GRIFFIN AND CORDELLA GRIFFIN.

(Filed 18 September 1963.)

**Negligence § 24a—**

    Evidence that defendant left his passenger sitting in defendant's car on a cold night while defendant went into a house, that defendant had a five gallon can of kerosene with an uncovered two inch hole in its top sitting on the floor in the back, that the passenger was a cigarette smoker, that the car was discovered afire some thirty to forty-five minutes after defendant left it, and that the passenger died in the fire, *held* insufficient to be submitted to the jury on the issue of negligence in an action for wrongful death.

APPEAL by plaintiff from *Peel, J.,* March, 1963 Term, PASQUOTANK Superior Court.

The personal representative of George Proctor sued to recover for the death of his intestate allegedly caused by the negligent operation and use of a four-door Pontiac automobile by Wesley Griffin, agent of the owner, Cordella Griffin.

The defendants admit the agency, ownership, and use of the vehicle. They denied negligence and conditionally pleaded intestate's contributory negligence in starting the fire.

The plaintiff's evidence tended to show that on the night of February 7, 1959, the defendant, Wesley Griffin, purchased five gallons of kerosene from Jones's Store. He furnished the container which was a round, five-gallon can, and "was the type of can used for cylinder oil." The opening in the top was about two inches in diameter. In addition there was an air hole, also in the top, about

the size of an ice pick. Wesley Griffin was in the habit of using this same can for the same purpose in the same automobile on numerous prior occasions. Apparently there was no cap or cover over the two-inch opening.

On the occasion involved, the can was placed on the floor of the back seat, the upholstery of which was frayed. The attendant at the store testified there was no kerosene on the seat but there was odor of kerosene in the vehicle.

As Wesley started home he overtook plaintiff's intestate going in the same direction on foot. Intestate, by invitation or by request, became a passenger in the Pontiac. He and the driver passed a short distance beyond the side road to intestate's home, then stopped at the home of Robert Fearing. Wesley went in the house, leaving the intestate in the Pontiac. The night was cold. After about 30 to 45 minutes one of the Fearing children saw the Pontiac on fire. When Wesley got to the burning vehicle the heat was so intense he was unable to open any of the doors. The intestate was burned to death. He smoked cigarettes, "fairly regularly."

At the close of plaintiff's evidence the court entered judgment of involuntary nonsuit. The plaintiff appealed.

*John H. Hall, John A. Wilkinson for plaintiff appellant.*
*LeRoy, Wells & Shaw by H. J. LeRoy for defendants, appellees.*

PER CURIAM. The plaintiff urgently contends the trial court committed error in holding the evidence insufficient to survive the motion for nonsuit. Especially he argues the defendant Wesley Griffin was negligent in inviting intestate into a fire trap. While the evidence disclosed the presence of a can of kerosene with a two-inch opening at the top, the evidence likewise showed the same container had been used in the same vehicle in the same manner for months without mishap.

The night was cold. Nothing in the evidence suggests the fire originated because of any defect in the vehicle. It originated after defendant had been away from it 30 to 45 minutes. The presence of a can of kerosene and a frequent smoker enclosed in a cold automobile for half an hour suggest somewhat strongly the cause of the fire. There was no explosion. Reason does not appear why the unfortunate occupant was unable to open one of the four doors and save himself. There is mystery about the fire but evidence of actionable negligence on the part of the defendants is lacking.

The judgment of nonsuit is

Affirmed.